## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

TIMOTHY D. AKINS,                      )
                                       )
    Petitioner,                )
                                       )
    v.                         )          NO. 12-3251
                                       )
UNITED STATES OF AMERICA,              )
                                       )
    Respondent.                )

## <u>OPINION</u>

RICHARD MILLS, U.S. District Judge:

Pending is the Motion of Petitioner Timothy D. Akins Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [d/e 1]. The Government has filed a Response to the Motion [d/e 7]. In addition, the Government has filed a Supplement [d/e 8] to its Response. The Petitioner has also filed a Supplemental Pleading [d/e 9], wherein he asserts a new claim.

Upon reviewing these filings, the Court concludes that no evidentiary hearing is warranted.

# I. BACKGROUND

In his § 2255 motion, the Petitioner raises an ineffective assistance of counsel claim, contending that counsel was ineffective for failing to challenge his status as a career offender based on his qualifying convictions.

On August 25, 2010, the Petitioner was charged by Information with a single count of Possession with the Intent to Distribute Heroin. See Case No. 3:10-cr-30060-RM-BGC. Subsequently, the Government filed an Information Regarding Prior Felony Drug Conviction pursuant to 21 U.S.C. § 851, advising the Petitioner that he faced an increased statutory penalty due to his multiple prior felony drug convictions.

The Petitioner entered an open plea to the charge on September 15, 2010.

In the Presentence Investigation Report (PSR), the Petitioner's base offense level was calculated to be 16. An increase of two levels pursuant to USSG § 2D1.1(b)(1) was recommended because the Petitioner possessed a dangerous weapon (a revolver) during the commission of the offense. The Petitioner was determined to qualify as a career offender, pursuant to

USSG 4B1.1(b)(B) and, because he faced a maximum sentence of 30 years of imprisonment, his offense level was determined to be 34. The Petitioner had previous convictions for aggravated discharge of a firearm, robbery and possession of a controlled substance with intent to deliver, which were deemed career offender qualifying offenses. Following a three-level reduction for acceptance of responsibility, the Petitioner's final offense level was calculated to be 31.

The Petitioner was determined to have a Criminal History Category of VI, based on 24 criminal history points (and his status as a career offender). Based on a final offense level of 31 and Criminal History Category of VI, the Petitioner's guideline range was calculated to be 188 to 235 months.

The Petitioner's sentencing hearing was on February 3, 2011. There were no objections to the guideline range as calculated in the PSR. The Government recommended a sentence of 188 months imprisonment, while the Defendant recommended a term of 144 months. After considering the parties' arguments, the Court imposed a sentence of 188 months.

The Petitioner filed a timely Notice of Appeal. On appeal, the Petitioner argued that the district court applied an impermissible presumption of reasonableness to a sentence within the guideline range and the court failed to consider his arguments in mitigation. On August 31, 2011, the United States Court of Appeals for the Seventh Circuit found that the record did not support the Petitioner's claims of procedural error and affirmed the district court's judgment.

This Motion under § 2255 followed.

## II. DISCUSSION

### A. Legal standard

A petitioner asserting an ineffective assistance of counsel claim is entitled to relief only in "extraordinary situations," such as when there is an "error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013). The Sixth Amendment right to the assistance of counsel includes the right to the effective assistance of counsel. See id. at 879.

In order to prevail on an ineffective assistance claim, a petitioner must show that counsel's performance was objectively unreasonable and that such performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

B. Grounds for relief

The Petitioner contends that counsel was ineffective for failing to challenge his status as a career offender. He claims that his robbery conviction should not qualify because the sentence did not exceed one year. He was sentenced to one year probation. The Petitioner further asserts that an aggravated discharge of firearm conviction should not count because the record is unclear as to the facts of the case.

(1)

In 1992, the Petitioner pled guilty to Robbery in Cook County, Illinois, Circuit Court Case No. 92CR1956501, and was sentenced to one year probation. However, it is the potential sentence, and not the actual

sentence imposed, which determines whether a conviction is a "prior felony conviction" under the guidelines. United States Sentencing Guideline 4B1.1(a) provides that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Application Note 1 to the Commentary on USSG § 4B1.2 provides, in part, that a "prior felony conviction" is "an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."

Under Illinois law, robbery is a class 2 felony. See 720 ILCS 5/18-1. Because robbery is an offense which is punishable by imprisonment in excess of one year, it qualifies as a felony and the fact that the Petitioner received a Probation term is of no consequence.[1] Accordingly, the Court

---

[1]Although the Petitioner was 17 at the time of the offense and conviction, it appears that he was charged as an adult. The conviction is listed

concludes that counsel was not ineffective for failing to challenge the use of the robbery conviction as a qualifier for career offender status. The Petitioner is entitled to no relief on this ground.

(2)

In 1993, the Petitioner pled guilty to aggravated discharge of a firearm in Cook County, Illinois, Circuit Court Case No. 93C66083501. He was sentenced to four years imprisonment. The Petitioner claims there is nothing in the record tending to show that he actually discharged a weapon. Therefore, it should not count as a qualifying conviction.

Paragraph 29 of the PSR states that, prior to sentencing in the underlying case, the Probation Officer requested the charging documents and the arrest report. However, the information was not received.

In its Supplemental Response, the Government states that Petitioner was convicted under 720 ILCS 5/24-1.2(a)(2), which provides that the offense is committed if a person "knowingly or intentionally" "Discharges

---

in the PSR under "Adult Criminal Convictions." Application Note 1 to § 4B1.2 provides, in part, that an offense committed before "the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult."

a firearm in the direction of another person or in the direction of a vehicle he or she knows or reasonably should know to be occupied by a person." Attached to the Government's filing is a printout from the Circuit Clerks Office of the Cook County Circuit Court showing the Petitioner was convicted under § 5/24-1.2(a)(2).

In United States v. Curtis, 645 F.3d 937 (7th Cir. 2011), the United States Court of Appeals for the Seventh Circuit held that a violation of § 5/24-1.2(a)(2) "constitutes the use, attempted use, or threatened use of force against another person" and, therefore, qualifies as a crime of violence under the applicable sentencing guideline. See id. at 941; see also United States v. Aguilar-Patino, 557 F. App'x 586, 587 (7th Cir. 2014) ("We concluded in United States v. Curtis, 645 F.3d 937 (7th Cir. 2011), that aggravated discharge of a firearm in violation of 720 ILL. COMP. STAT., 5/24-1.2 'is unquestionably the use of physical force against the person of another' for the purpose of the career offender guideline.") (internal citations omitted).

Because the Petitioner's aggravated discharge of a firearm offense

clearly qualifies as a crime of violence and is a predicate felony conviction in determining whether an individual is a career offender, the Petitioner's ineffective assistance of counsel claim fails. The Petitioner is entitled to no relief on this ground.

Based on the foregoing, both of the Petitioner's ineffective assistance claims fail. The Petitioner's counsel cannot have provided ineffective assistance in failing to raise an argument that has no merit. See United States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003) (noting that a defendant's attorney has no duty to make a frivolous argument).

C. Supplemental ground

The Petitioner contends that his plea was not valid because it was entered before a United States Magistrate Judge. Relying on United States v. Harden, 758 F.3d 886 (7th Cir. 2014), the Petitioner contends this practice violated the Federal Magistrates Act, 28 U.S.C. § 636, Rule 59 of the Federal Rules of Criminal Procedure and the United States Constitution.

In Harden, the United States Court of Appeals for the Seventh

Circuit found that a magistrate judge's acceptance of a guilty plea violated the Federal Magistrate Act. See Harden, 758 F.3d at 891. The magistrate judge did not accept the plea in the Petitioner's criminal case. Rather, the magistrate judge conducted the Rule 11(b) colloquy and prepared a report and recommendation which was accepted by the undersigned, a practice explicitly approved in Harden. See id. ("We agree this is a permissible practice (and are told that the district court for the Southern District of Illinois now delegates the conduct of a plea colloquy to a magistrate judge only when a report and recommendation on the plea is sent back to the district judge.")).

Accordingly, the Petitioner is entitled to no relief under § 2255 on his supplemental ground.

### III. CONCLUSION

The Petitioner has failed to show that he is in federal custody pursuant to an unconstitutional or illegal sentence. Therefore, none of his claims warrant relief under § 2255. An appeal may be taken if the Court issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A).

Because the Petitioner has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

<u>Ergo</u>, the Motion of Petitioner Timothy D. Akins to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 [d/e 1] is DENIED.

The Court declines to issue a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings.

ENTER: January 28, 2015

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge